**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Stephanie M. Kruse; STATE OF OKLAHOMA *ex rel.* Stephanie M. Kruse; STATE OF TEXAS *ex rel.* Stephanie M. Kruse; STATE OF NEW MEXICO *ex rel.* Stephanie M. Kruse; DOE STATES 1-45 AND DISTRICT OF COLUMBIA *ex rel.* Stephanie M. Kruse; | § § § § § § § § § | |
| Plaintiffs; | § § | Civil Action No. 3:18-CV-00938-E |
| v. | § § § | |
| COMPUTER PROGRAMS AND AND SYSTEMS, INC.; TRUBRIDGE, LLC; MUSKOGEE REGIONAL MEDICAL CENTER; CRESCENT MEDICAL CENTER LANCASTER; and ARTESIA GENERAL HOSPITAL; | § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Computer Program and Systems, Inc. and Trubridge, LLC's Motion to Dismiss claims asserted in Plaintiffs' First Amended Complaint.[1] (Doc. 59). Here, Billing Defendants have sought dismissal based on Federal Rules of Civil Procedure 9(b) and 12(b)(6). (*See* Doc. 59 at 13-16, *et seq.*).

At the outset, Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs' pleadings to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] The Court refers to Computer Program and Systems Inc. individually as "CPSI." The Court refers to Trubridge LLC as "Trubridge." The Court refers to CPSI and Trubridge collectively as "Billing Defendants."

F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, when, as here, a complaint alleges claims brought under the False Claims Act (FCA) or state equivalents of the FCA, Federal Rule of Civil Procedure 9(b) apply to those claims. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 384 (5th Cir. 2003) ("The requirements of Rule 9(b) apply to claims under the FCA.") (collecting cases). "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009). As the Fifth Circuit has explained:

> Under Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This court has stated that Rule 9(b) requires that the plaintiff allege "the particulars of time, place, and contents of the false representations," *Williams v. WMX Techs.,* 112 F.3d 175, 179 (5th Cir.1997), as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the "who, what, when, where, and how" of the alleged fraud. *Thompson,* 125 F.3d at 903.
>
> Malice, intent, knowledge, and other condition of mind of a person may be averred generally. Fed. R. Civ. P. 9(b). This second sentence of Rule 9(b) "relaxes the particularity requirement for conditions of the mind, such as scienter." *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994). As this court has explained, in order to adequately plead scienter, "a plaintiff must set forth specific facts that support an inference of fraud." *Id.* Facts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent. *Id.*

*U.S. ex rel. Willard*, 336 F.3d at 384–85. "In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims

sooner than later." *U.S. ex rel. Grubbs*, 565 F.3d at 185.[2] "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)[.]" *U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717, 721 (5th Cir. 2008).

Here, Plaintiffs have asserted claims against the Billing Defendants (i) for presentation of false claims under the FCA, 31 U.S.C. § 3729(a)(1)(A); (ii) for making or using false record(s) or statement(s) to cause claim(s) to be paid under the FCA, 31 U.S.C. § 3729(a)(1)(B); (iii) for making or using false record(s) or statement(s) to conceal, avoid, and/or decrease obligation to repay money under the FCA, 31 U.S.C. § 3729(a)(1)(G); (iv) for conspiracy under the FCA, 31 U.S.C. § 3729(a)(1)(C); (v) for liability under the Oklahoma Medicaid False Claims Act, 63 Okla. Sta. Ann. § 5053.l(B); (vi) for liability under the Texas False Claims Act, Tex. Hum. Res. Code Ann. § 36.002. (Doc. 15 at 56-59, 62-65); (vii) for liability under the New Mexico Medicaid False Claims Act, N.M. Stat. Ann.§ 27-14-4 and N.M. Stat. Ann. § 44-9-3; and (viii) for retaliation under the FCA, 31 U.S.C. § 3730(h). (Doc. 15 at 56-69).[3] Upon review of the First Amended Complaint, motion to dismiss, the response, the reply, and the relevant law, the Court concludes Plaintiffs have pleaded specific facts which establish a plausibility of entitlement to relief on all its causes of action against Billing Defendants in accordance with the requirements of Rule 8(a)(2) and Rule 9(b). As such, Billing Defendants' motion to dismiss is **DENIED in its entirety**.

*(Signature Page Follows)*

---

[2] "A plaintiff will not survive a Rule 9(b) motion to dismiss on the pleadings by simply alleging that a defendant had fraudulent intent." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996) (citing *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1068 (5th Cir.1994)).

[3] The FCA provides an avenue for relief from certain retaliatory actions. 31 U.S.C.A. § 3730(h).

**SO ORDERED.**

24th day of March, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE